*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 24, 2022

Plaintiff-Appellee,

v

Nos. 355003; 355004
Presque Isle Circuit Court

MICHAEL JOSEPH RIGOT,

LC Nos. 19-093076-FC; 19-
093085-FH

Defendant-Appellant.

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

In these consolidated appeals,[1] defendant appeals as of right his jury-trial convictions.[2] In Docket No. 355003, defendant was convicted of second-degree criminal sexual conduct (CSC-II) (sexual contact with victim under 13 years of age), MCL 750.520c(1)(a), against victim HC.[3] In Docket No. 355004, defendant was convicted of 16 counts of third-degree criminal sexual conduct (CSC-III) (sexual penetration with victim between 13 and 16 years of age), MCL 750.520d(1)(a), and three counts of fourth-degree criminal sexual conduct (CSC-IV) (sexual contact with victim between 13 and 16 years of age and defendant at least five years older), MCL 750.520e(1)(a), against victim SL.[4] In Docket No. 355003, defendant was sentenced to serve 71 months to 15 years in prison. In Docket No. 355004, defendant was sentenced to serve concurrent prison terms

---

[1] The same issue is raised in both appeals.

[2] Docket Nos. 355003 and 355004 were consolidated in the trial court into a single trial before one jury.

[3] The trial court dismissed one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a). The jury acquitted defendant of three counts of CSC-I and one count of delivery of a controlled substance to a minor, MCL 333.7410(1).

[4] The trial court dismissed two counts of CSC-III, MCL 750.520d(1)(a). The jury acquitted defendant of two counts of delivery of a controlled substance to a minor, MCL 333.7410(1).

of 10 to 15 years for the 16 counts of CSC-III and one year for the three counts of CSC-IV. For the reasons discussed herein, we affirm.

## I.  FACTS

Docket No. 355003 involves several incidents between defendant, who was approximately 30 years old at the time the incidents occurred, and HC, who was approximately 12 years old at the time.  HC testified that during the first incident at issue, defendant took HC's pants and underwear off and put his hand over her mouth when she started yelling.  Defendant vaginally penetrated HC while HC yelled for him to stop.  After this first incident, HC was bleeding from her vagina.  Defendant also vaginally penetrated HC during a second incident.  During a third incident, defendant exposed his penis to HC, tried to force her mouth open, and rubbed his penis on her face, lips, and teeth.  Defendant stopped when he heard HC's father come down the stairs.

Docket No. 355004 involves several incidents between defendant, who was approximately 30 years old at the time the incidents occurred, and SL, who was approximately 14 years old at the time.  SL testified that one day she asked defendant for a ride home, and on the ride home, defendant and SL had oral, anal, and vaginal sex.  After this first incident, SL babysat for defendant's son 10 to 15 times.  Nearly every time that SL babysat, defendant and SL engaged in a combination of oral, anal, or vaginal sex.

## II.  ANALYSIS

On appeal, defendant argues only that the prosecutor erred during closing argument by stating that he "took [HC's] virginity away that night," and that reversal is warranted as a result. According to defendant, the statement was both unsupported by the evidence and "inflammatory to such a degree as to prejudice [him]."  We disagree.

"[T]o preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction."  *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010).[5]  Defendant did not object to the prosecutor's statement or request a curative instruction.  Therefore, this issue is unpreserved and is reviewed for plain error.  See *People v McLaughlin*, 258 Mich App 635, 645; 672 NW2d 860 (2003).  "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  The third prong requires a defendant to show "prejudice, i.e., that the error affected the outcome of the lower court proceedings."  *Id*.

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial."  *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011).  Claims of prosecutorial error "are decided case by case, and this Court must examine the entire record and

---

[5] "[A] more accurate label for most claims of prosecutorial misconduct is 'prosecutorial error,' while only the most extreme cases rise to the level of 'prosecutorial misconduct.' " *People v Caddell*, 332 Mich App 27, 71 n 10; 955 NW2d 488 (2020) (citation omitted).  We therefore refer to "prosecutorial error" unless otherwise quoting from a previous decision.

evaluate a prosecutor's remarks in context." *People v Anderson*, 331 Mich App 552, 565; 953 NW2d 451 (2020) (quotation marks and citation omitted). Prosecutors are generally given great latitude regarding their arguments. *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017). A prosecutor cannot mischaracterize the evidence presented. *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001). However, prosecutors may argue "the evidence and all reasonable inferences from the evidence as they relate to their theory of the case." *Mullins*, 322 Mich App at 172 (quotation marks and citation omitted).

During closing arguments, the prosecutor summarized HC's and SL's respective testimonies. When discussing HC's testimony, the prosecutor stated:

> You also heard [HC] describe how when she went to the bathroom immediately after, she noticed she was bleeding from her vagina, spotting blood. That tells me that [defendant] essentially took her virginity away that night—that evening, at 12 years old.

Defendant argues that the prosecutor, in stating that defendant took HC's virginity, intentionally misstated the evidence in a deliberate attempt to mislead the jury and to make the jury believe that defendant did not deserve an unbiased and impartial evaluation of the evidence, and thereby prejudiced defendant. This is not supported by the prosecutor's entire statement.

When viewing the prosecutor's statement in context, the prosecutor did not intentionally misstate the evidence presented or deliberately mislead the jury. The prosecutor, in summarizing the evidence presented at trial, drew a reasonable inference from HC's testimony. A reasonable inference from HC's testimony, specifically her testimony that she was bleeding from her vagina after being sexually penetrated by defendant, would be that HC had not engaged in vaginal sexual intercourse before this incident, especially because she was only 12 years old at the time. Because the prosecution based its statement on evidence presented at trial, and because prosecutors may make reasonable inferences from the evidence presented, *Mullins*, 322 Mich App at 172, the prosecutor's statement that defendant took HC's virginity did not result in plain error.

Alternatively, even if the prosecutor's statement was plainly erroneous, any such error was not prejudicial because the trial court instructed the jury that it must base its verdict only on the evidence presented at trial and that statements made by the attorneys were not evidence. See *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011) (stating that "[j]urors are presumed to follow their instructions, and it is presumed that instructions cure most errors"). Moreover, the statement was fleeting in the context of closing argument and did not in any respect overshadow or otherwise unduly use HC's powerful testimony against defendant. Thus, even if plain error occurred, defendant has not shown that he was prejudiced. See *Carines*, 460 Mich at 763.[6]

---

[6] Defendant does not argue or explain how the prosecutor's statement affected his convictions in Docket No. 355004, which involved a different victim, SL. Regardless, because we conclude that defendant is not entitled to relief with respect to his conviction in Docket No. 355003, which involved HC, it necessarily follows that he is not entitled to relief in Docket No. 355004.

## III. CONCLUSION

Defendant has not shown plain error affecting his substantial rights. Therefore, we affirm.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan